IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02207-BNB

JOSE MEDINA ESCOBAR,

      Plaintiff,

v.

WARDEN JONES,
CAPTAIN K. FOSTER,
LIEUTENANT MARTZ,
LIEUTENANT CHAVEZ,
SERGEANT A. LUNA,
SERGEANT BINDER,
SERGEANT J. WEST,
SERGEANT HARDRICK,
SERGEANT VAN DYKE,
SERGEANT HUDSPETH,
C/O D. GALLAGHER,
C/O BRYANT,
C/O A. DALTON,
C/O R. MARTINEZ,
DOCTOR WRIGHT,
NURSE N. WALKER,
C/O V. PASARO,
DIRECTOR B. ZALMAN,
SERGEANT KELEMAN, and
CAPTAIN LOGAN,

      Defendants.

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 2 2 2009

GREGORY C. LANGHAM
CLERK

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Jose Medina Escobar, is a prisoner in the custody of the Colorado Department of Corrections at the Colorado State Penitentiary in Cañon City, Colorado. Mr. Escobar has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. The

court must construe the complaint liberally because Mr. Escobar is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Escobar will be ordered to file an amended complaint.

The court has reviewed Mr. Escobar's complaint and finds that the complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Escobar fails to set forth a short and plain statement of his claims showing

2

that he is entitled to relief. In particular, Mr. Escobar fails to provide a clear statement of each individual claim for relief he is asserting in this action. Instead, he combines numerous factual allegations and multiple legal theories into his individual claims for relief and apparently expects the court and Defendants to determine which specific factual allegations are being asserted in support of which specific legal claims. For example, within the second claim for relief that begins on page 4-b of the complaint, Mr. Escobar asserts due process, access to the courts, cruel and unusual punishment, and retaliation claims against a variety of Defendants and he makes different factual allegations in support of the different legal claims. Adding to the confusion is the fact that Mr. Escobar asserts four claims labeled "Claim One," two claims labeled "Claim Two," and one claim labeled "Claim Three." Finally, much of Mr. Escobar's complaint consists of inappropriate and unnecessary repetition of the same factual allegations. For example, Mr. Escobar provides a sixteen-page description of the nature of the case that he repeats in support of the actual claims he is asserting.

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Therefore, Mr. Escobar will be ordered to file an amended complaint that complies with the pleading requirements of Rule 8 if he wishes to pursue his claims in this action. In order to state a claim in federal court, Mr. Escobar "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the

3

plaintiff believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007). Mr. Escobar also is advised that, for the purposes of Rule 8, "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." ***New Home Appliance Ctr., Inc., v. Thompson***, 250 F.2d 881, 883 (10th Cir. 1957). Accordingly, it is

ORDERED that Mr. Escobar file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8(a) as discussed in this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Escobar, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Escobar fails to file an amended complaint that complies with this order within the time allowed, the complaint and the action will be dismissed without further notice.

DATED September 22, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02207-BNB

Jose Medina Escobar
Prisoner No.  48895
Colorado State Penitentiary
P.O. Box 777
Cañon City, CO 81215-0777


I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 9/22/09

GREGORY C. LANGHAM, CLERK

By: _____
                    Deputy Clerk