IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02207-CMA-KLM

JOSE MEDINA ESCOBAR,

    Plaintiff,

v.

WARDEN S. JONES,
DIRECTOR B. ZALMAN,
ASSOCIATE WARDEN B. ALLEN,
MAJOR HOLDITCH,
CAPTAIN K. FOSTER,
CAPTAIN J. DALTON,
CAPTAIN LOGAN
LIEUTENANT MARTZ,
LIEUTENANT CHAVEZ,
SERGEANT A. LUNA,
SERGEANT BINDER,
SERGEANT J. WEST,
SERGEANT HARDRICK,
SERGEANT VAN DYKE,
SERGEANT HUDSPETH,
SERGEANT KELEMAN
C/O D. GALLAGHER,
C/O BRYANT,
C/O A. DALTON,
C/O R. MARTINEZ,
C/O PASARO,
NURSE N. WALKER, and
DOCTOR WRIGHT,
HUERTAS,
VAN VELDER,
SERGEANT POOL,
C/O KAISER,
C/O GIORDANO,

    Defendants.
_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court upon **Plaintiff's Motion to Amend This Complaint and Motion for a Protective Order** [Docket No. 34; Filed February 16, 2010] (the "Motion"). Plaintiff requests leave to amend his Complaint, and he attaches the additions he would like to make to his previously filed Complaint. Plaintiff also seeks a "protective order, protecting him from further wanton, malicious, sadistic inflictions of irreparable injury, pain and suffering in retaliation by the defendants herein."

Plaintiff filed his Complaint on September 15, 2009 [Docket No. 3]. The Court found that his Complaint did not comply with the requirements of Federal Rule of Civil Procedure 8(a) and directed Plaintiff to file an Amended Complaint or his Complaint would be dismissed [Docket No. 4]. Plaintiff filed an Amended Complaint [Docket No. 7] that the Court found deficient because it included extraneous documents but failed to include Defendants' addresses [Docket No. 8]. Plaintiff then filed a Second Amended Complaint [Docket No. 9], which was accepted by the Court. Plaintiff then requested leave to amend [Docket No. 21], which the Court granted [Docket No. 27]. Plaintiff's Third Amended Complaint was filed on February 9, 2010 [Docket No. 29].

Plaintiff now seeks to amend his Complaint again to add additional claims and additional Defendants. Plaintiff wrote the instant Motion on February 10, 2010, apparently prior to receiving the Court's ruling on his previous motion to amend. In his Third Amended Complaint, Plaintiff added Defendants Huertas, Van Velder, Pool, Giordano, and Kaiser. In the instant Motion, Plaintiff seeks to add Defendants Cooper, Martin, and Halstead as well as claims against Defendants Van Velder, Pool, and Kaiser. It is not clear whether or not the claims Plaintiff now seeks to state against Defendants Van Velder, Pool, and Kaiser

2

in the instant Motion are identical to those already stated in his Third Amended Complaint. Defendants do not oppose the Motion.

"The liberal granting of motions for leave to amend reflects the basic policy that pleadings should enable a claim to be heard on its merits." *Calderon v. Kansas Dep't of Soc. and Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999) (citing *Foman v. Davis*, 371 U.S. 178, 181-82(1962)). However, "this policy is not limitless and must be balanced against Fed. R. Civ. P. 7(b)(1)." *Id.* (citation omitted). Rule 7(b)(1) requires that any motion must "be in writing unless made during a hearing or trial; state with particularity the grounds for seeking the order; and state the relief sought." "By requiring notice to the court and the opposing party of the basis for the motion, [R]ule 7(b)(1) advances the policies of reducing prejudice to either party and assuring that 'the court can comprehend the basis of the motion and deal with it fairly.'" *Calderon*, 181 F.3d at 1186 (quoting 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1192, at 42 (2d ed. 1990)).

Here, Plaintiff does not include a complete copy of his proposed Fourth Amended Complaint as an attachment to his Motion. The Court does not have sufficient detail as to the relief Plaintiff seeks and cannot "comprehend the basis of the motion." Similarly, the Court does not have sufficient information to enter a protective order, which is generally understood to be an order seeking to limit disclosure of certain discovery. *See* Fed. R. Civ. P. 26(c).

Plaintiff may file another motion to amend his Complaint, including as an attachment his proposed Amended Complaint, <u>in its entirety</u>. The Court has allowed Plaintiff some leniency in this regard in the past, but will no longer continue to do so. <u>To reiterate, if</u>

<u>Plaintiff wishes to amend his Complaint, he must file a motion to amend complaint, including as an attachment to that motion the entire Complaint he wishes to be considered in this matter</u>.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion is **DENIED without prejudice.**

IT IS FURTHER **ORDERED** that Plaintiff must file any Motion for Leave to Amend his Complaint on or before **May 7, 2010**, and must include his proposed Amended Complaint as an attachment.

IT IS FURTHER **ORDERED** that the Clerk shall mail Plaintiff a copy of the Prisoner Complaint form and a copy of the Third Amended Complaint currently on file [Docket No. 29 and all attachments thereto].

Dated:  April 5, 2010