IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-02207-CMA-KLM

JOSE MEDINA ESCOBAR,

     Plaintiff,

v.

WARDEN S. JONES,
DIRECTOR B. ZALMAN,
ASSOCIATE WARDEN B. ALLEN,
MAJOR HOLDITCH,
CAPTAIN K. FOSTER,
CAPTAIN J. DALTON,
CAPTAIN LOGAN
LIEUTENANT MARTZ,
LIEUTENANT CHAVEZ,
SERGEANT A. LUNA,
SERGEANT BINDER,
SERGEANT J. WEST,
SERGEANT HARDRICK,
SERGEANT VAN DYKE,
SERGEANT HUDSPETH,
SERGEANT KELEMAN
C/O D. GALLAGHER,
C/O BRYANT,
C/O A. DALTON,
C/O R. MARTINEZ,
C/O PASARO,
NURSE N. WALKER, and
DOCTOR WRIGHT,
HUERTAS,
VAN VELDER,
SERGEANT POOL,
C/O KAISER,
C/O GIORDANO,

     Defendants.
_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the **Order to Show Cause** issued on February 22, 2010 [Docket No. 39]. Pursuant to the Order to Show Cause, Plaintiff was directed to show cause why the Court should not recommend that the case against Defendants Zalman and Van Dyke be dismissed pursuant to Fed. R. Civ. P. 4(m) & 41(b).[1] The Court ordered that on or before March 22, 2010, Plaintiff was to either file proof of service or respond and show good cause for failure to properly serve Defendant Zalman and Defendant Van Dyke, or to provide current addresses for them.

As noted in the Order to Show Cause, the Colorado Department of Corrections ("CDOC") accepted service for the majority of the Defendants in this case. However, the CDOC refused to accept service for Defendants Zalman and Van Dyke because they are no longer CDOC employees [Docket No. 19].[2] Neither the CDOC nor Defendants' counsel is required to accept or waive service for Defendants Zalman and Van Dyke. *See* Fed. R. Civ. P. 4(e) (setting forth acceptable means of serving individuals); C.R.C.P. 4(e)(10)(A) (service of process on employee of state of Colorado made by personal service on employee and on attorney general); *see also Edmisten v. McKune*, No. 07-3116-JWL, 2008 WL 640483, at *1 (D. Kan. March 6, 2008) (unpublished decision) (noting that defendant employer could not accept service on behalf of individuals it no longer employs). In addition, attempts to serve Defendants Zalman and Van Dyke at their last known addresses have been unsuccessful. *See Order to Show Cause* [#39] at 2-3.

---

[1] Defendants' Answer includes reference to Defendants Zalman and Van Dyke [Docket No. 42]. However, the Answer also states that it is brought on behalf of all "served defendants," and Defendants Zalman and Van Dyke have not been served.

[2] Although a second waiver of service does not indicate the reason for the CDOC's failure to accept service on behalf of Defendants Zalman and Van Dyke [Docket No. 41], the previous waiver contains this additional information [Docket No. 19].

Plaintiff responded to the Order to Show Cause on March 8, 2010 [Docket No. 43].

Plaintiff, who is proceeding in this matter *pro se*, is currently incarcerated at the Colorado

State Penitentiary ("CSP").  As cause for maintaining the case against Defendants Zalman

and Van Dyke, Plaintiff argues that at the time of the alleged violations Defendants Zalman

and Van Dyke were employees of the CDOC.  *Response* [#43] at 1.  He also argues that

he has been unable to obtain the necessary information regarding locations where they can

currently be served because he is indigent and "his keepers are extremely hostile and will

not furnish him with any information as to any DOC/CSP employees."  *Id.*  Without support,

Plaintiff also accuses these Defendants of "duck[ing] and hid[ing] . . . to derail the Courts

[sic] process."  *Id.* at 4.  Finally, despite the fact that these Defendants cannot be located

by the Court and that Plaintiff has failed to provide forwarding addresses, Plaintiff prays

"that both Defendants Zalman and Van Dyke should be required to answer . . . to Plaintiff's

allegations."  *Id.*

Plaintiff filed his Second Amended Complaint on November 19, 2009 [Docket No.

9] naming Defendants Zalman and Van Dyke as parties.  Pursuant to Fed. R. Civ. P. 4(m),

the deadline for service on Defendants Zalman and Van Dyke was March 19, 2010.  Even

extending the time period for service to one-hundred twenty days from the date of the

December 23, 2009 U.S. Marshal Service Order [Docket No. 18], the deadline for service

expired on April 22, 2010.  Plaintiff has not effected service or provided sufficient

information so that the Court, through the U.S. Marshal, can effect service on his behalf.

Regardless of Plaintiff's desire to keep these Defendants in the case and have them

answer his Complaint, neither can be accomplished without service.  While Fed. R. Civ. P.

4(c) requires that the Court effect service of the Summons and Complaint for plaintiffs

proceeding *in forma pauperis*, Plaintiff must provide sufficient information for the Court to do so. *See Hill v. Ortiz*, No. 07-cv-00571-LTB-CBS, 2008 WL 2020289, at \*6 (D. Colo. May 9, 2008) (unpublished decision).

Although the Court may extend the time for a plaintiff to serve a defendant even without a showing of good cause, *Espinoza v. United States*, 52 F.3d 838, 840-41 (10th Cir.1995), the Court is not inclined to do so here. This case has been pending for eight months. Plaintiff failed to effect service of Defendants Zalman and Van Dyke within one-hundred twenty days of their inclusion as parties in this case, failed to provide sufficient contact information for the Court to do so despite a request from the Court, and failed to provide good cause for the Court to find an opportunity to cure the service deficiency in the future. Further, Plaintiff was warned in advance that the penalty for the inability to serve or for failing to provide good cause for the service delay would be dismissal of the unserved Defendants. *See generally Raeth v. Bank One*, 05-cv-02644-WDM-BNB, 2008 WL 410596, at \*3 & n. 4 (D. Colo. Feb. 13, 2008) (unpublished decision).

Accordingly,

IT IS HEREBY **ORDERED** that the Order to Show Cause is made **ABSOLUTE**. Plaintiff has failed to show cause as to why the Court should not recommend dismissal of Defendants Zalman and Van Dyke.

I respectfully **RECOMMEND** that Defendants Zalman and Van Dyke be **DISMISSED** without prejudice, pursuant to Fed. R. Civ. P. 4(m) & 41(b).

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written

objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed.R.Civ.P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: May 4, 2010

s/ Kristen L. Mix        
Kristen L. Mix
United States Magistrate Judge
