IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-02207-CMA-KLM

JOSE MEDINA ESCOBAR,

    Plaintiff,

v.

WARDEN S. JONES,
ASSOCIATE WARDEN B. ALLEN,
MAJOR HOLDITCH,
CAPTAIN K. FOSTER,
CAPTAIN J. DALTON,
CAPTAIN LOGAN
LIEUTENANT MARTZ,
LIEUTENANT CHAVEZ,
SERGEANT A. LUNA,
SERGEANT BINDER,
SERGEANT J. WEST,
SERGEANT HARDRICK,
SERGEANT HUDSPETH,
SERGEANT KELEMAN
C/O D. GALLAGHER,
C/O BRYANT,
C/O A. DALTON,
C/O R. MARTINEZ,
C/O PASARO,
NURSE N. WALKER, and
DOCTOR WRIGHT,
HUERTAS,
VAN VELDER,
SERGEANT POOL,
C/O KAISER,
C/O GIORDANO,

    Defendants.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion for Court to Furnish Plaintiff with All Legal Pleadings, Orders, etc. Returned to the Court Since December 23, 2010**

**by this Facility** [Docket No. 87; Filed January 27, 2011] (the "Motion").  Pursuant to the Motion, Plaintiff contends that he was informed by an individual referred to as Officer Ayala that all of Plaintiff's legal mail was returned to the Court from December 24, 2010 to January 19, 2011.  *Motion* [#87] at 2.  This assertion is in stark contrast to a pleading filed on the docket in Plaintiff's case by his prison facility, wherein the facility informed the Court that since January 12, 2011, Plaintiff had "refused to accept or sign for legal mail from the Court" [Docket No. 86].  The facility's notice is consistent with the Court's recent experience with Plaintiff in Case No. 10-cv-02050-CMA-KLM [Docket No. 34], where Plaintiff refused to attend his Scheduling Conference when guards came to his cell to take him to the conference room.  Although the Court has serious doubts about the veracity of Plaintiff's Motion,

IT IS HEREBY **ORDERED** that the Motion [#87] is **GRANTED**.  Only one piece of mail was returned as undeliverable to Plaintiff between December 24, 2010 to January 19, 2011, the Court's Order and Recommendation on Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction [Docket No. 83].

IT IS FURTHER **ORDERED** that the Clerk shall mail a copy of Docket No. 83 to Plaintiff.

This matter is also before the Court on a letter from Plaintiff seeking a "new packet of § 1983 forms to start over my civil rights complaint and to amend my recently submitted complaint" [Docket No. 89].  The letter was docketed as a Motion and referred to the Court for resolution.  The letter does not comply with the Local Rules in several respects, including that it does not contain a certificate of service or case caption, it is not titled as a motion, and it does not provide a legal basis for its request for relief.  Furthermore, as the pleading amendment deadline expired on May 7, 2010 [Docket No. 46], no further amendments to this lawsuit shall be permitted.  Finally, regardless of Plaintiff's *in forma pauperis* status, he is not entitled to unlimited cost-free copies and forms in this litigation.  *See Windsor v. Martindale*, 175 F.R.D. 665, 670-72 (D. Colo. 1997).  The Motion is subject to denial on any basis set forth above.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#89] is **DENIED**.

IT IS FURTHER **ORDERED** that from this date forward, Plaintiff shall file separate motions in each of his pending cases, Case Nos. 06-cv-01222-CMA-KLM; 09-cv-02207-CMA-KLM; and 10-cv-02050-CMA-KLM, and not any single motion listing all three cases.  Failure to comply with this Order will result in non-complying motions being summarily denied.  Just as any other litigant with multiple cases, Plaintiff must use discretion in deciding which case a particular issue is best addressed in.  If an issue is best addressed in all three cases, Plaintiff must file three separate motions and discuss the relief requested with specificity to each case.

IT IS FURTHER **ORDERED** that the Clerk shall mail a copy of this Minute Order to the case manager for Plaintiff at the Centennial Correctional Facility, P.O. Box 600, Canon City, CO 81215-0600.

Dated:  January 28, 2011