IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-02207-CMA-KLM

JOSE MEDINA ESCOBAR,

    Plaintiff,

v.

WARDEN S. JONES,
ASSOCIATE WARDEN B. ALLEN,
MAJOR HOLDITCH,
CAPTAIN K. FOSTER,
CAPTAIN J. DALTON,
LIEUTENANT MARTZ,
LIEUTENANT CHAVEZ,
SERGEANT A. LUNA,
SERGEANT BINDER,
SERGEANT J. WEST,
SERGEANT HARDRICK,
SERGEANT HUDSPETH,
SERGEANT KELEMAN
C/O D. GALLAGHER,
C/O BRYANT,
C/O A. DALTON,
C/O R. MARTINEZ,
C/O PASARO,
NURSE N. WALKER, and
DOCTOR WRIGHT,

    Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND ORDER REQUIRING PLAINTIFF TO ATTEND HIS DEPOSITION
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L.  MIX**

This matter is before the Court on Defendants' **Motion for Sanctions [for] Failure of Plaintiff to Attend His Deposition** [Docket No. 96; Filed February 24, 2011] (the "Motion").  Pursuant to the Motion, Defendants request an order dismissing Plaintiff's case

as a discovery sanction pursuant to Fed. R. Civ. P. 37(b) & (d). Although the deadline for Plaintiff to respond has not yet expired, I may rule on the Motion at any time. *See* D.C.COLO.LCivR 7.1C. Here, Plaintiff's position as to why he could not participate in his deposition is clearly set forth in the deposition transcript [Docket No. 96-2]. Accordingly, I consider the matter to be ripe for review. The Court notes that Plaintiff is proceeding *pro se*, such that he is entitled liberal interpretation of his position. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court is not Plaintiff's advocate and must nevertheless dismiss his case if circumstances warrant that outcome. *See Hall*, 935 F.3d at 1110.

Pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1C.3., the Motion has been referred to this Court for recommendation. The Court has reviewed the Motion, the attached exhibits [Docket Nos.96-1 through -4], the case file, applicable case law and is sufficiently advised in the premises. For the reasons provided below, I respectfully recommend that the Motion be **DENIED** to the extent that Defendants request dismissal.

**I. Background**

In the Motion, Defendants contend that Plaintiff's case should be a dismissed as a discovery sanction due to Plaintiff's failure to sit for his December 28, 2010 deposition. *Motion* [#96] at 1-2. Defendants primarily argue that because Plaintiff's justification for the failure to sit for his deposition is suspect, his conduct merits dismissal. *Id.* at 5-7. Defendants also argue that given the history of this case, including the complicated procedural history related to the filing of amendments to Plaintiff's Complaint, Plaintiff's failure to attend his deposition and clarify his claims should be viewed as particularly

egregious.  *See id.* at 2.

Plaintiff's case arises from his alleged mistreatment by various Colorado Department of Corrections ("CDOC") officials and staff.  On December 7, 2010, Defendants filed a motion asking for permission to depose Plaintiff [Docket No. 79].  The Motion was granted and Defendants were "permitted to depose Plaintiff at a date and time agreeable to the parties and the prison."  *Order* [#82] at 1.  Defendants served Plaintiff notice of his deposition on December 13, 2010.  *See Motion* [#96] at 3.  Defendants did not receive any objection from Plaintiff.

On the date of the deposition, Plaintiff attended but refused to be deposed, claiming that he was suffering from the effects of an altercation with prison staff four days earlier and that he was tired and lacked pencils, paper and envelopes.  *Id.* at 6; *Escobar Deposition* [#96-2] at 4-7.  Specifically, Plaintiff testified that

> under the conditions of pain and suffering, I can't give you a proper deposition.  As you know, that pain causes a great deal of adverse and erratic behavior.  I'm pissed because I can't get any medication.  I can't sleep . . . [a]nd I'm tired. . . .  I don't think that the judge anticipated anything like this when she agreed that I should have this deposition.
>
> I don't have a problem with the deposition.  It's just that I haven't refreshed my mind with it for a long time, over a year now. . . .  I'm not being allowed to have anything – no pencil, no paper, no envelopes, no nothing.
>
> . . . .
>
> . . . So I think maybe the judge should issue an order that – you know, to compel these people to refrain from taking my medication like that, Man.  I'm hurting, you know.  I'm – I'm hurting.  I can't sleep.  I can't eat.  Sometimes I can't get up to go to the door to get my food.  And my kidneys, my – I have back pain.  Medication helps a little bit.  I mean, it doesn't take the pain away completely, but I can function a little bit.  I don't get as upset. . . .  When I'm like this, when I'm in pain this way [] I'd rather not talk to anyone.  I'd rather not anyone talk to me.

*Escobar Deposition* [#96-2] at 6-8.  When defense counsel tried to press the matter further,

3

Plaintiff became defensive and dismissive and informed defense counsel: "Well, your deposition just stopped right now, just quit right now. So I'm ready to leave." *Id.* at 9-10.

## II. Findings

From a review of the relevant pleadings, the Court finds that Plaintiff failed to sit for his deposition as noticed by Defendants. The Court also finds that Plaintiff's reasons for failing to sit for the deposition are insufficient to excuse his behavior. While nothing before the Court excuses Plaintiff's conduct or his arrogant tone taken with defense counsel, the Court finds that dismissal is not warranted at this time.

## III. Analysis

The Court's "discretion to choose a sanction is limited in that the chosen sanction must be both 'just' and 'related to the particular "claim" which was at issue in the order to provide discovery.'" *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920-21 (10th Cir. 1992) (citation omitted). Pursuant to Fed. R. Civ. P. 37, when a party fails to comply with a discovery order, the Court may impose sanctions against the offending party, including dismissal or default judgment. *See New Age Elecs., Inc. v. Spectrum Communs. Group, Inc.*, No. 06-cv-00723-MSK-MEH, 2007 WL 139327, at *2 (D. Colo. May 9, 2007) (unpublished decision). Prior to dismissing a case as a discovery sanction, the Court must consider the factors set forth in *Ehrenhaus*, namely: "(1) the degree of actual prejudice to the [injured party]; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus*, 965 F.2d at 921 (internal quotations and citations omitted). However, because the Court does not recommend dismissal, it is unnecessary to consider

the *Ehrenhaus* factors. *See Nasious v. Nu-Way Real Estate*, No. 07-cv-01177-REB-MEH, 2008 WL 659667, at *2 (D. Colo. Mar. 6, 2008) (unpublished decision). Nevertheless, the Court conducts a truncated analysis of those factors below.

As to prejudice to Defendants, while the Court agrees that Defendants suffered short-term prejudice from Plaintiff's failure to sit for his deposition, this prejudice can be remedied by an Order directing Plaintiff to attend a second deposition and extending appropriate deadlines. There is no dispute that Defendants have a right to obtain information from Plaintiff through a deposition. However, a single failed attempt, while inconvenient and costly, does not irreparably prejudice Defendants.

As to interference with the judicial process, despite Plaintiff's obvious disrespect for and disregard of the judicial process as embodied in the Federal Rules of Civil Procedure, his *pro se* status invokes certain judicial restraint. However, Plaintiff should consider himself fully and duly warned by this Recommendation and Order. **If Plaintiff fails to attend his deposition or fails to make a good faith attempt to answer appropriate questions fully and to the best of his knowledge and ability, the Court will recommend that his case be dismissed.** Any further defiance of the discovery procedures – of which Plaintiff acknowledges that he is aware, see *Escobar Deposition* [#96-2] at 3-4, 9 – will not be viewed as charitably.

As to Plaintiff's culpability, the Court finds that this factor weighs in favor of dismissal. Plaintiff's failure to sit for his deposition was willful and while he provided myriad justifications, his smug and arrogant tone suggests that Plaintiff made a tactical decision not to participate. Simply, given Plaintiff's demeanor at the deposition, it is not credible that

Plaintiff lacks the strength or capability to participate. More likely, as Plaintiff admitted, Plaintiff had not adequately prepared to participate such that he found it necessary to stall the matter until sometime in the future. While the Court does not find that Plaintiff's conduct rises to the level of the discovery misconduct at issue in cases clearly prompting dismissal, see, e.g., *Murray v. Archambo*, 198 F.3d 258 (table) (10th Cir. Nov. 12, 1999), **a second failure of this nature will result in the Court recommending dismissal of Plaintiff's case**.

As to advance warning and the efficacy of lesser sanctions, the Court has not specifically warned Plaintiff that the failure to sit for his deposition could result in the dismissal of his case.[1] **Again, Plaintiff should now consider himself warned that failure to attend his deposition will result in a Recommendation that his case be dismissed**. In addition, the Court believes that Plaintiff should be given another opportunity to attend his deposition prior to imposing sanctions.[2] While the Court understands Defendants' frustration given Plaintiff's conduct throughout this case, the Court finds that dismissal is not justified at this time.

## IV. Conclusion

---

[1] The Court has generally warned Plaintiff that failure to "participate in the ordinary events associated with being a party to a lawsuit, like discovery" may result in dismissal of the case [#96-1 at 2]. If the balance of other factors supported dismissal, this general admonition would arguably be sufficient notice of the potential consequence for the conduct at issue here.

[2] Although the Court could arguably impose monetary sanctions, the Court declines to do so here. Because Plaintiff is *pro se* and proceeding *in forma pauperis*, the Court questions whether a monetary sanction would have any practical effect. Further, given Plaintiff's financial status, the Court finds that a monetary sanction would have unjust consequences. *See* Fed. R. Civ. P. 37(d)(3) (recognizing that a Court can refuse to award monetary sanctions if "circumstances make an award of expenses unjust"). **A second failure by Plaintiff in this regard will likely prompt the Court to revisit whether, in addition or as an alternative to dismissal, monetary sanctions are warranted.**

For the reasons stated above, I respectfully **RECOMMEND** that the Motion [#96] be **DENIED** to the extent that Defendants request dismissal.

Because I do not find that dismissal is warranted,

IT IS HEREBY **ORDERED** that the Court *sua sponte* extends the discovery deadline for the limited purpose of requiring Plaintiff to attend a deposition noticed by Defendants. Plaintiff **SHALL** appear for his deposition at a time and place set forth by Defendants to occur no later than **March 31, 2011**. Plaintiff may not unilaterally decline to attend, attempt to justify a decision not to attend on any alleged wrongful conduct of Defendants or nonparties, or demand that conditions be met prior to his attendance. In addition, unsubstantiated and conclusory assertions that physical pain prevents Plaintiff from being deposed will not be tolerated. Plaintiff has alleged that he suffers from significant pain throughout the course of this and other litigation, and it has not prevented him from filing countless verbose and accusatory pleadings which lodge complaints against parties and nonparties at Plaintiff's whim. The time has come for Plaintiff to pursue this litigation in compliance with his obligations, or suffer the consequences. Plaintiff is a voluntary litigant in a federal lawsuit, and he must abide by the Federal and Local Civil Rules. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). **Plaintiff's failure to comply with this Order will result in the Court recommending that his case be dismissed pursuant to Fed. R. Civ. P. 37 and/or 41(b)**.

IT IS FURTHER **ORDERED** that should issues arise during the deposition, the parties shall contact Judge Mix's Chambers at **(303) 335-2770** to resolve them.

IT IS FURTHER **ORDERED** that, to the extent that Defendants request an extension of the dispositive motions deadline, the Motion is **GRANTED**. Although it is entirely unclear

7

to the Court why defense counsel delayed until the eve of expiration of the dispositive motions deadline to resolve the issue of Plaintiff's failure to sit for his deposition, given my order requiring Plaintiff to sit for a second deposition, I find that extension of the dispositive motions deadline is appropriate. Accordingly, dispositive motions shall be filed no later than **May 31, 2011**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  February 28, 2011

                                                BY THE COURT:

                                                s/ Kristen L. Mix
                                                United States Magistrate Judge
                                                Kristen L. Mix