IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-02207-CMA-KLM

JOSE MEDINA ESCOBAR,

    Plaintiff,

v.

WARDEN S. JONES,
ASSOCIATE WARDEN B. ALLEN,
MAJOR HOLDITCH,
CAPTAIN K. FOSTER,
CAPTAIN J. DALTON,
LIEUTENANT MARTZ,
LIEUTENANT CHAVEZ,
SERGEANT A. LUNA,
SERGEANT BINDER,
SERGEANT J. WEST,
SERGEANT HARDRICK,
SERGEANT HUDSPETH,
SERGEANT KELEMAN
C/O D. GALLAGHER,
C/O BRYANT,
C/O A. DALTON,
C/O R. MARTINEZ,
C/O PASARO,
NURSE N. WALKER, and
DOCTOR WRIGHT,

    Defendants.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion for Extension of Time and/or Stay the Proceedings** [Docket No. 124; Filed June 16, 2011] (the "Motion").

    In addition to a multitude of irrelevant information provided in support of the Motion, Plaintiff seeks a stay of briefing on the pending Motion for Summary Judgment [Docket No. 119] until he can obtain discovery from Defendants.  Although this would appear to be a reasonable request, the Court makes several observations.  First, discovery closed on

January 31, 2011 [Docket No. 66]. To the extent that Plaintiff did not propound discovery requests during the time for taking discovery, he is not able to seek discovery now. Second, assuming that Plaintiff propounded discovery requests during the time for taking discovery, but did not timely receive responses, he has never properly raised the issue with the Court. As such, it is unclear how providing additional time for Plaintiff to respond to the Motion for Summary Judgment would remedy his alleged predicament. Plaintiff's failure to diligently pursue discovery and/or seek assistance from the Court for any discovery misconduct arguably precludes an eleventh-hour request to do so now. Nevertheless, to ensure that Plaintiff is able to fully respond to the pending Motion for Summary Judgment, the parties shall adhere to the case deadlines set forth below. Accordingly,

IT IS HEREBY **ORDERED** that the Motion is **GRANTED in part and DENIED in part**.[1]

IT IS FURTHER **ORDERED** that if Plaintiff seeks to compel Defendants to produce discovery in relation to properly propounded discovery requests, he shall file a Motion to Compel no later than **July 15, 2011**. The Motion to Compel must comply with all applicable rules, including that it must certify that Plaintiff attempted to resolve the dispute with Defendants prior to seeking Court involvement pursuant to Fed. R. Civ. P. 37(a)(1) and must contain either a verbatim recitation of the discovery requests at issue or attach a copy of such requests pursuant to D.C.COLO.LCivR 37.1. The failure to comply with any applicable rule will result in the Motion to Compel being summarily denied.

IT IS FURTHER **ORDERED** that Defendants shall respond to any Motion to Compel that is not summarily denied on or before **fourteen (14) days** of its filing. **No reply shall be permitted.**

IT IS FURTHER **ORDERED** that Plaintiff's deadline to respond to the Motion for Summary Judgment [#119] is stayed pending adjudication of any discovery issues raised by July 15, 2011. If no such issues are timely and properly raised, Plaintiff shall respond to the Motion for Summary Judgment on or before **August 1, 2011**.

Dated: June 17, 2011

---

[1] To the extent that Plaintiff seeks an extension of time until November 2011 or any extension of time based on an alleged eye surgery, the Motion is **denied**.