IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-02207-CMA-KLM

JOSE MEDINA ESCOBAR,

     Plaintiff,

v.

WARDEN S. JONES,
ASSOCIATE WARDEN B. ALLEN,
MAJOR HOLDITCH,
CAPTAIN K. FOSTER,
CAPTAIN J. DALTON,
LIEUTENANT MARTZ,
LIEUTENANT CHAVEZ,
SERGEANT A. LUNA,
SERGEANT BINDER,
SERGEANT J. WEST,
SERGEANT HARDRICK,
SERGEANT HUDSPETH,
SERGEANT KELEMAN
C/O D. GALLAGHER,
C/O BRYANT,
C/O A. DALTON,
C/O R. MARTINEZ,
C/O PASARO,
NURSE N. WALKER, and
DOCTOR WRIGHT,

     Defendants.

_____

## MINUTE ORDER
_____

## ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX

     This matter is before the Court on Plaintiff's **Motion to Compel** [Docket No. 127; Filed July 14, 2011] (the "Motion").  On June 17, 2011, the Court directed Plaintiff  to file a motion to compel on or before July 15, 2011 if he wanted the Court to address Defendants' alleged discovery misconduct [Docket No. 126].  The present Motion appears to be filed pursuant to my prior Order.  However, in that Order, I informed Plaintiff that any motion to compel

must comply with all applicable rules, including that it must certify that Plaintiff attempted to resolve the dispute with Defendants prior to seeking Court involvement pursuant to Fed. R. Civ. P. 37(a)(1) <u>and</u> must contain either a verbatim recitation of the discovery requests at issue or attach a copy of such requests pursuant to D.C.COLO.LCivR 37.1.  **The failure to comply with any applicable rule will result in the Motion to Compel being summarily denied.**

*Order* [#126] at 2 (emphasis added).

Despite my clear warning, the Motion does not certify that Plaintiff conferred with Defendants prior to filing the present Motion.[1]  Moreover, the Motion does not comply with Local Rule 37.1.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion is **DENIED**.

As set forth in my prior Order, unless Plaintiff files an appropriate motion to compel by July 15, 2011, he shall respond to the Motion for Summary Judgment on or before **August 1, 2011**.

Dated:  July 14, 2011

---

[1] Although the Motion references conversations with defense counsel that allegedly occurred in December 2010 and January 2011, Plaintiff does not contend that he has recently conferred with defense counsel regarding the alleged discovery dispute in an attempt to resolve the dispute without Court assistance as required by Fed. R. Civ. P. 37(a)(1).