IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-02207-CMA-KLM

JOSE MEDINA ESCOBAR,

      Plaintiff,

v.

WARDEN S. JONES,
ASSOCIATE WARDEN B. ALLEN,
DIRECTOR B. ZALMAN,
MAJOR HOLDITCH,
CAPTAIN K. FOSTER,
CAPTAIN J. DALTON,
LIEUTENANT MARTZ,
LIEUTENANT CHAVEZ,
SERGEANT A. LUNA,
SERGEANT P. BINDER,
SERGEANT J. WEST,
SERGEANT HARDRICK,
SERGEANT VAN DYKE,
SERGEANT HUDSPETH,
SERGEANT KELEMAN,
C/O D. GALLAGHER,
C/O BRYANT,
C/O A. DALTON,
C/O R. MARTINEZ,
C/O V. PASARO,
NURSE N. WALKER,
DOCTOR WRIGHT,
CAPTAIN HUERTAS, individually and as Unit Shift Commander,
LIEUTENANT VAN VELDER, individually and as Unit Supervisor,
SERGEANT POOL, individually and as D-Unit Technician,
C/O GIORDANO, and
C/O KAISER,

      Defendants.
_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

1

This matter is before the Court on the following motions: Plaintiff's **Motion for Temporary Restraining Order and/or Preliminary Injunction** [Docket No. 171; Filed October 18, 2010] (the "Motion for Injunctive Relief"); Plaintiff's **Motion for Leave to Submit Affidavit** [#172; Filed October 18, 2012]; Plaintiff's **Motion for Leave to Supplement Motion for Injunctive Relief** [#175; Filed October 29, 2012]; Defendants' **Motion to Extend Time to Respond to Motion for Temporary Restraining Order** [#177; Filed November 9, 2012]; and Plaintiff's **Motion to Further Supplement Motion for Injunctive Relief** [#178; Filed November 13, 2012].  On November 19, 2012, Plaintiff filed a Response [#183] opposing Defendants' motion for an extension of time.  No other responses or replies have been filed.  Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1C, the above motions have been referred to this Court for a recommendation regarding disposition.  The Court has reviewed the motions, the one response, the entire case file, and the applicable law and is sufficiently advised in the premises.  For the reasons set forth below, the Court **RECOMMENDS** that the Motion for Injunctive Relief and the Motion to Extend Time to Respond to Motion for Temporary Restraining Order be **DENIED**.  The Court further **RECOMMENDS** that the remaining three motions be **GRANTED**.

## I.  BACKGROUND

Plaintiff is an inmate at the Colorado State Penitentiary (CSP) in Canon City, Colorado, and is proceeding *pro se* in this case.  Pursuant to the District Judge's Order [#150] affirming this Court's Recommendation [#147] to grant in part Defendants' motion for summary judgment, the only claim remaining in this action is that Defendants Dalton,

Martz, Chavez, Luna, Binder, West, Hardrick, Hudspeth, Keleman, Gallagher, Bryant, Martinez and Van Dyke violated the Eighth Amendment by depriving Plaintiff of food during various periods of time between 2007 and 2009. [#147] at 34-35; *Final Pretrial Order* [#155] at 1-2. Included with this claim, Plaintiff alleges that Defendants withheld food in response to grievances he filed and that Defendants attempted to physically harm him if he reached for his food tray. [#155] at 1-2. This case is set for a Final Trial Preparation Conference on November 30, 2012 and a five-day Jury Trial beginning on December 17, 2012 before Judge Arguello. [#167].

## II.  ANALYSIS

### A.    Motions Supporting Motion for Injunctive Relief

In Plaintiff's Motion for Leave to Submit Affidavit [#172], Motion for Leave to Supplement Motion for Injunctive Relief [#175] and Motion to Further Supplement Motion for Injunctive Relief [#178], Plaintiff reiterates many of the same allegations raised in the Motion for Injunctive Relief. The Court, however, has reviewed and considered these motions as supplements to the Motion for Injunctive Relief. The Court therefore **RECOMMENDS** that the motions be **GRANTED**.

### B.    Motion for Injunctive Relief

Plaintiff seeks a temporary restraining order or preliminary injunction "prohibiting the defendants and/or their agents from further subjecting Plaintiff to a widespread series of unconstitutional actions that have wrongfully enjoined and restrained him." [#171] at 1. Additionally, Plaintiff seeks a transfer from the CSP to the "Protected Custody Security Program in [the] Colorado Department of Corrections." *Id.* at 11. Plaintiff alleges, among

other things, that since returning to CSP in July 2012 from the mental health security ward, Defendants have acted to punish him, inflict pain and mental distress upon him, strip him of his constitutional rights and prevent him from pursuing his upcoming trial. *Id.* at 6.[1]

### 1.    Legal Standards

Fed. R. Civ. P. 65(a) and (b) govern preliminary injunctions and temporary restraining orders. "Where the opposing party has notice, the procedure and standards for issuance of a temporary restraining order mirror those for a preliminary injunction." *Emmis Commc'ns Corp. v. Media Strategies, Inc.*, No. 00-WY-2507CB, 2001 WL 111229, at *2 (D. Colo. Jan. 23, 2001) (unreported decision) (citing 11A Charles Alan Wright, et al., *Federal Practice and Procedure* § 2951 (2d ed.1995)). Here, because Defendants were given notice and an opportunity to respond, the Court analyzes the Motion for Injunctive Relief under the standards for issuance of a preliminary injunction.

Injunctive relief is an extraordinary remedy that should only be granted when the moving party clearly and unequivocally demonstrates its necessity. *See Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). In the Tenth Circuit, a party requesting injunctive relief must clearly establish the following: (1) the party will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on

---

[1] Plaintiff previously filed a motion for temporary restraining order or preliminary injunction in this case "to restrain the previous, present, and additional Defendants, and their agents, relatives, friends, and/or their co-workers in Plaintiff's civil actions who have/are causing him on a daily basis the unnecessary and wanton infliction of pain and suffering in retaliation for Plaintiff's administrative grievances and lawsuits." [#70]. That motion was denied. [#83, #116].

the merits. *Id.* It is well-established that "[b]ecause a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (citations omitted).

"The purpose of a preliminary injunction is to preserve the relative positions of the parties until a trial on the merits can be held." *Bray v. QFA Royalties LLC*, 486 F. Supp. 2d 1237, 1241 (D .Colo. 2007) (citing *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981)). "The purpose of a preliminary injunction is not to remedy past harm but to protect plaintiffs from irreparable injury that will surely result without their issuance." *Schrier*, 427 F.3d at 1267. Moreover,

> [b]ecause the limited purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held, we have identified the following three types of specifically disfavored preliminary injunctions . . . (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that [he] could recover at the conclusion of a full trial on the merits.

*Schrier*, 427 F.3d at 1258-59 (citations omitted). These disfavored injunctions are "more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *Id.* at 1259.

## 2.    Analysis

As noted above, Plaintiff seeks a preliminary injunction (1) "prohibiting the defendants and/or their agents from further subjecting Plaintiff to a widespread series of unconstitutional actions that have wrongfully enjoined and restrained him," and (2) requiring

Defendants to transfer him from the CSP to the "Protected Custody Security Program in [the] Colorado Department of Corrections."  Thus, the relief Plaintiff seeks would alter the status quo rather than preserve it and would also require Defendants to act.  Therefore, the injunctive relief sought by Plaintiff "constitutes a specifically disfavored injunction" that "must be more closely scrutinized."  *Schrier*, 427 F.3d at 1261.  Accordingly, the Motion for Injunctive Relief must be denied unless Plaintiff's "right to relief [is] clear and unequivocal."  *Id.* at 1258.

Additionally, the law is well-established that prison management functions should be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively.  *See, e.g.*, *Meachum v. Fano*, 427 U.S. 215 (1976).  Courts should grant injunctive relief involving the management of prisons only under exceptional and compelling circumstances.  *Taylor v. Freeman*, 34 F.3d at 266, 269-70 n.2 (4th Cir. 1994); *see also Citizens Concerned for Separation of Church & State v. Denver*, 628 F.2d 1289, 1299 (10th Cir. 1980).  Indeed, the Court of Appeals for the Tenth Circuit has stated that it "abhor[s] any situation or circumstance requiring the intervention of the federal courts in matters involving the administration, control and maintenance by the sovereign states of their penal systems.  It is a delicate role assigned to the federal courts to display that restraint so necessary in the maintenance of proper federal-state relations."  *Battle v. Anderson*, 564 F.2d 388, 392 (10th Cir. 1977) (quotation omitted).  As such, "intervention in the management of state prisons is rarely appropriate when exercising the equitable powers of the federal courts. . . .  [This] is especially true where mandatory injunctive relief is sought and only preliminary findings as to the plaintiff's likelihood of success on the

merits have been made." *Taylor*, 34 F.3d at 269 (citations omitted).

       **a.**    **Irreparable Harm**

To obtain injunctive relief, Plaintiff must first show that he will suffer irreparable harm if his request for injunctive relief is denied. *Schrier*, 427 F.3d at 1258. "To constitute irreparable harm, an injury must be certain, great, actual 'and not theoretical.'" *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (quoting *Wis. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985)). Irreparable harm is more than "merely serious or substantial" harm. *Id.* (citation omitted). The party seeking the preliminary injunction "must show that the injury complained of is of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm." *Id.* (quotation omitted). Therefore, to demonstrate irreparable harm, Plaintiff "must establish both that harm will occur, and that, when it does, such harm will be irreparable." *Vega v. Wiley*, 259 F. App'x 104, 106 (10th Cir. 2007). Finally, an injunction is only appropriate "to prevent existing or presently threatened injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *Connecticut v. Massachusetts*, 282 U.S. 660, 674 (1931).

The Court finds that Plaintiff has failed to show that he will suffer irreparable harm if his request for injunctive relief is denied. Plaintiff alleges that certain Defendants have assaulted him and threatened him and that they will continue to do so if an injunction is not granted. [#171] at 6. However, the only incident he cites with any specificity in the Motion for Injunctive Relief alleges that on August 12, 2012, Correctional Officer "Dickons" placed "excessively tight" handcuffs on Plaintiff while escorting him to an eye exam. [#171] at 8.

Officer "Dickons," however, is not among the remaining Defendants in this action, nor has he ever been a named Defendant in this case. *See Complaint and Amended Complaints* [#3, #7, #9 and #29]. Likewise, in his Motion for Leave to Supplement Motion for Injunctive Relief [#175], Plaintiff alleges that on October 19, 2012, Sgt. Crosley intentionally sprained Plaintiff's finger while Plaintiff was handing Crosley a breakfast tray and laundry bag. [#175] at 1-2. Sgt. Crosley is not now, nor has she ever been, a named Defendant in this action. *See Complaint and Amended Complaints* [#3, #7, #9 and #29].

The Court has limited authority to grant injunctive relief against nonparties, and the circumstances permitting such relief are not present here. *See* Fed. R. Civ. P. 65(d) ("Every order granting an injunction ... binds only ... the parties ... .");[2] *see also Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010) (affirming the denial of a motion for preliminary injunction on the basis that the incarcerated *pro se* plaintiff had not "alleged that the defendants named in the complaint participated in the alleged deprivations . . . ."). Accordingly, Plaintiff's allegations that he will suffer irreparable harm are insufficient to support injunctive relief here.

Moreover, the Court finds that even if the incidents alleged involved parties to this action, Plaintiff has failed to show that future physical injury is certain or even likely. First, injunctive relief is generally not appropriate to address post-complaint conduct. *Teague v. Hood*, No. 06-cv-01800, 2008 WL 2228905, at *16 (D. Colo. May 27, 2008) (unreported

---

[2] Fed. R. Civ. P. 65(d)(2) also includes a provision permitting the issuance of a preliminary injunction against "other persons who are in active concert or participation" with the parties to a case. Here, Plaintiff has not demonstrated that any of the remaining Defendants are in active concert or participation with Officer Dickons or Sgt. Crosley.

decision) (noting that injunctive relief should not lie to address conduct that occurred after complaint was filed).  Second, the two isolated incidents Plaintiff describes were two months apart and involved different prison personnel.  Plaintiff presents nothing beyond his own speculation to show that the persons involved acted pursuant to a common plan to cause harm to Plaintiff.  Thus, there is no basis for the Court to conclude that future harm is imminent.

The Court concludes that Plaintiff's allegations fail to demonstrate a risk of harm that is more than "merely serious or substantial."  *See Heideman*, 348 F.3d at 1189.  By failing to show that absent an injunction he will suffer irreparable harm, Plaintiff is not entitled to injunctive relief.  *See Dominion*, 356 F.3d at 1260 (noting that without irreparable harm, injunctive relief is not available).  Nevertheless, in the interest of completeness, the Court briefly addresses the remaining factors used to determine whether a preliminary injunction should enter.

### b.    Balance of Harm and Public Harm

In order to be entitled to entry of a preliminary injunction, Plaintiff must demonstrate that "the threatened injury . . . outweighs whatever damage the proposed injunction may cause the opposing party" and that "the injunction, if issued, would not be adverse to the public interest."  *Schrier*, 427 F.3d at 1258.  Plaintiff has failed to do so.  Plaintiff does not address the impact of his requested injunction on the public interest, nor does he address the balance of harm.  Plaintiff appears to assume that the Court can control Defendants' conduct with minimal adverse impact on them.  This assumption fails to take into account the important issue of the financial and logistical burdens that would be imposed on

9

Defendants if they were ordered to treat Plaintiff any differently.   As noted above, the Court's interference with Defendants' day-to-day decisions regarding how to manage Plaintiff, particularly to the extent that Plaintiff's requested relief would deviate from how Defendants manage all other inmates, would significantly undermine their discretion and autonomy.  *See Taylor*, 34 F.3d at 269-70.

Additionally, the Court notes that the public would ultimately have to bear the cost of any action specifically required from Defendants.  Although such cost may be minimal in this isolated case, the Court finds that the public interest is best served by maintaining the bright-line rule that Court interference is limited to only those extreme cases where irreparable injury is clear.  The Court's monitoring of and control over Defendants' day-to-day treatment of Plaintiff and the management of CDOC inmate assignments would be adverse to the public interest.  Accordingly, the Court finds that Plaintiff has failed to show that "the injunction, if issued, would not be adverse to the public interest."  *Schrier*, 427 F.3d at 1258; *see Teague*, 2008 WL 2228905, at *17 (noting that the public is adversely impacted by "the court monitor[ing] such matters as making copies, showering, verbal harassment, television, recreation, cleanliness of cells, assignment of cells," etc.).

### c.     Substantial Likelihood of Success on the Merits

To obtain a preliminary injunction, Plaintiff must show that he has a substantial likelihood of success on the merits of his claims.  *Schrier*, 427 F.3d at 1258.  As set forth above, only one Eighth Amendment claim remains for trial in this case.  Plaintiff claims he has a "good likelihood of success on the merits of this case." [#171] at 11.  He claims that he can show through grievances, letters and other evidence that he was deprived of "his

essential basic need of life's necessity" for two years.  *Id.*  The Court finds Plaintiff's showing of a substantial likelihood of success on the merits to be insufficient.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 191) (holding that a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based"); *Bryant v. NFL, Inc.*, No. 07-cv-02186, 2007 WL 3054985, at *2 (D. Colo. Oct. 18, 2007) (unreported decision) (holding that conclusory allegations will not support a motion for injunctive relief).  This factor therefore fails to support the issuance of a preliminary injunction.

Plaintiff has failed to show a substantial risk of irreparable harm along with the other three prerequisites for obtaining a preliminary injunction.  Accordingly, the Court **RECOMMENDS** that Plaintiff's Motion for Injunctive Relief [#171] be **DENIED**.

## C.    Motion to Extend Time

Because the Court recommends that the Motion for Injunctive Relief be denied, it further **RECOMMENDS** that the Motion to Extend Time to Respond to Motion for Temporary Restraining Order [#177] be **DENIED AS MOOT**.

## III.  CONCLUSION

For the foregoing reasons,

The Court respectfully **RECOMMENDS** that Plaintiff's Motion for Injunctive Relief [#171] be **DENIED.**

The Court further **RECOMMENDS** that Plaintiff's Motion for Leave to Submit Affidavit [#172], Plaintiff's Motion for Leave to Supplement Motion for Injunctive Relief [#175] and

Plaintiff's Motion to Further Supplement Motion for Injunctive Relief [#178] be **GRANTED**.

The Court further **RECOMMENDS** that Defendants' Motion to Extend Time to Respond to Motion for Temporary Restraining Order [#177] be **DENIED AS MOOT**.

IT IS **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P.  72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

DATED: November 21, 2012 at Denver, Colorado.

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge

12