IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-02207-CMA-KLM

JOSE MEDINA ESCOBAR,

    Plaintiff,

v.

WARDEN S. JONES,
ASSOCIATE WARDEN B. ALLEN,
DIRECTOR B. ZALMAN,
MAJOR HOLDITCH,
CAPTAIN K. FOSTER,
CAPTAIN J. DALTON,
LIEUTENANT MARTZ,
LIEUTENANT CHAVEZ,
SERGEANT A. LUNA,
SERGEANT P. BINDER,
SERGEANT J. WEST,
SERGEANT HARDRICK,
SERGEANT VAN DYKE,
SERGEANT HUDSPETH,
SERGEANT KELEMAN,
C/O D. GALLAGHER,
C/O BRYANT,
C/O A. DALTON,
C/O R. MARTINEZ,
C/O V. PASARO,
NURSE N. WALKER,
DOCTOR WRIGHT,
CAPTAIN HUERTAS, individually and as Unit Shift Commander,
LIEUTENANT VAN VELDER, individually and as Unit Supervisor,
SERGEANT POOL, individually and as D-Unit Technician,
C/O GIORDANO, and
C/O KAISER,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

1

This matter is before the Court on Plaintiff's **Motion for Subpoena** [Docket No. 184; Filed November 19, 2012] (the "Motion"). As of this date, no response to the Motion has been filed. For the reasons that follow, the Motion is **GRANTED**.

This case is set for a five-day Jury Trial beginning on December 17, 2012 before District Judge Arguello. [#167]. Plaintiff requests in the Motion that a subpoena be issued and served on Sgt. Crutcher at the Colorado State Penitentiary in Canon City, Colorado requiring Sgt. Crutcher to appear and testify at the upcoming trial.

Fed R. Civ. P. 45 governs the Court's issuance of subpoenas to compel witnesses to attend and give testimony at hearings or trials. A subpoena may be issued by the Court, the Clerk of the Court, or an attorney as an officer of the Court for witnesses and documents found within its jurisdiction. *See* Fed. R. Civ. P. 45(a)(2), (3); *U.S. Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72 (1988). Thus, a *pro se* litigant who is not a licensed attorney may not issue subpoenas on his own and must seek them from the Court. *See United States v. Meredith*, 182 F.3d 934, at *1 (10th Cir. 1999) (unpublished).

Pursuant to Fed. R. Civ. P. 45(a)(3), the Clerk of Court "*must* issue a subpoena, signed but otherwise in blank, to a party who requests it." (Emphasis added). Although the Court may quash a subpoena after service, the Court apparently has no discretion to deny issuance of subpoenas on request. As noted above, the subpoena to be served on Sgt. Crutcher is for the purpose of requiring him to appear at the upcoming Jury Trial and

2

provide testimony.[1]  Accordingly,

       IT IS HEREBY **ORDERED** that the Motion [#184] is **GRANTED.**

       Due to Plaintiff's status as an incarcerated individual,

       IT IS FURTHER **ORDERED** that the United States Marshal shall serve Sgt. Crutcher with a Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action, along with a copy of this Order.  All costs of service shall be advanced by the United States.

       DATED: November 30, 2012 at Denver, Colorado.

BY THE COURT:

*/s/ Kristen L. Mix*

Kristen L. Mix
United States Magistrate Judge

---

[1] Plaintiff is warned that, pursuant to Fed. R. Civ. P. 45(c)(1), "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.  The issuing court must enforce this duty and may impose an appropriate sanction . . . on a party or attorney who fails to comply."  Any motion to quash the subpoena served in connection with the Jury Trial must be promptly filed to allow consideration prior to the trial.  Untimely filing of such a motion to quash will result in its denial.